Susan F. Wilk
**Assistant Federal Public Defender**
101 S.W. Main Street, Suite 1700
Portland, Oregon  97204
(503) 326-2123 Telephone
(503) 326-5524 Facsimile
Susan_wilk@fd.org

**Attorney for Defendant**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATE OF AMERICA,** | Case No.  3:17-cr-00442-BR |
| Plaintiff, | **PETITION TO ENTER PLEA OF GUILTY, CERTIFICATE OF COUNSEL, AND ORDER** |
| v. | |
| **CHRISTOPHER RYAN PONTE,** | |
| Defendant. | |

The defendant represents to the court:

1.      My name is Christopher Ryan Ponte.  I am 36 years old.  I have gone to school up to ~~and including~~ the ___12th___ grade.

2.      My attorney is Susan F. Wilk.

3.      My attorney and I have discussed my case fully.  I have received a copy of the Information.  I have read the Information, or it has been read to me, and I have discussed it with my attorney.  My attorney has counseled and advised me concerning the nature of each charge,

Page 1 - PETITION TO ENTER PLEA OF GUILTY

any lesser-included offense(s), and the possible defenses that I might have in this case. I have been advised and understand that the elements of the charge alleged against me to which I am pleading "GUILTY" are as follows:

> (1) That I was previously convicted of a crime punishable by imprisonment for a term exceeding one year, specifically: on or about January 8, 2016, in Clackamas County Circuit Court, Case Number CR 15-01721, Possession of a Stolen Vehicle;
>
> (2) On January 28, 2017, I did knowingly and unlawfully possess the following firearms:
> 1     An IWI 9x19mm Uzi Pro Pistol, serial number U0002838;
> 2     An SAR 3 556x45mm assault rifle, serial number S3-09331-2002;
> 3     A Mossberg 500 12 gauge shotgun, serial number U386057,
>
> (3) which had been shipped or transported in interstate or foreign commerce.

I have had a full and adequate opportunity to disclose to my attorney all facts known to me that relate to my case. I understand that the Court may ask whether I am satisfied with the advice I have received from my attorney.

4.     I know that if I plead "GUILTY," I will have to answer any questions that the judge asks me about the offense to which I am pleading guilty. I also know that if I answer falsely, under oath, and in the presence of my attorney, my answers could be used against me in a prosecution for perjury or false statement.

5.     I am not under the influence of alcohol or drugs. I am not suffering from any injury, illness or disability affecting my thinking or my ability to reason. I have not taken any drugs or medications within the past seven (7) days.

6.     I understand that conviction of a crime can result in consequences in addition to imprisonment. Such consequences include deportation, or removal from the United States, or denial of naturalization, if I am not a United States citizen; loss of eligibility to receive federal benefits; loss of certain civil rights (which may be temporary or permanent depending on

**Page 2 - PETITION TO ENTER PLEA OF GUILTY**

applicable state or federal law), such as the right to vote, to hold public office, and to possess a firearm; and loss of the privilege to engage in certain occupations licensed by the state or federal government.

7.    I know that I may plead "NOT GUILTY" to any crime charged against me and that I may persist in that plea if it has already been made.  I know that if I plead "NOT GUILTY" the Constitution guarantees me:

      a.    The right to a speedy and public trial by jury, during which I will be presumed to be innocent unless and until I am proven guilty by the government beyond a reasonable doubt and by the unanimous vote of twelve jurors;

      b.    The right to have the assistance of an attorney at all stages of the proceedings;

      c.    The right to use the power and process of the court to compel the production of evidence, including the attendance of witnesses in my favor;

      d.    The right to see, hear, confront, and cross-examine all witnesses called to testify against me;

      e.    The right to decide for myself whether to take the witness stand and testify, and if I decide not to take the witness stand, I understand that no inference of guilt may be drawn from this decision; and

      f.    The right not to be compelled to incriminate myself.

8.    I know that if I plead "GUILTY" there will be no trial before either a judge or a jury, and that I will not be able to appeal from the judge's denial of any pretrial motions I may have filed concerning matters or issues not related to the court's jurisdiction.

9.    In this case I am pleading "GUILTY" under Rule 11(c)(1)(C).  My attorney has explained the effect of my plea under Rule 11(c)(1)(C) to be as follows:

**Page 3 - PETITION TO ENTER PLEA OF GUILTY**

My plea of guilty is under Rule 11(c)(1)(C); therefore, at the time of sentencing, the judge must either impose the specific sentence agreed upon by the prosecutor and me, or allow me to withdraw my plea.

10.    I know the maximum sentence which can be imposed upon me for the crime to which I am pleading guilty is ten years' imprisonment and a fine of $250,000.

11.    I know that the judge, in addition to any other penalty, will order a special assessment as provided by law in the amount of $100.

12.    I know that if I am ordered to pay a fine, and I willfully refuse to pay that fine, I can be returned to court, where the amount of the unpaid balance owed on the fine can be substantially increased by the judge and I can be imprisoned for up to one year.

13.    My attorney has discussed with me the Federal Sentencing Guidelines. I know the Guidelines are advisory, not mandatory. I also know the sentencing judge, in determining the particular sentence to be imposed, must consider those factors set forth in Title 18, United States Code, Section 3553(a), including, but not limited to: the nature and circumstances of the offense, my own history and characteristics, the goals of sentencing (punishment, deterrence, protection, and rehabilitation), and the sentencing range established by the advisory Guidelines. If my attorney or any other person has calculated a Guideline range for me, I know that this is only a prediction and advisory, and is only one of the factors that the judge will consider in making a final decision as to what sentence will be imposed. I also know that a judge may not impose a sentence greater than the maximum sentence referred to in paragraph (10) above.

14.    I know from discussion with my attorney that, under the Federal Sentencing Guidelines, if I am sentenced to prison I am not entitled to parole. I will have to serve the full sentence imposed except for any credit for good behavior that I earn. I can earn credit for good

behavior in prison at a rate of up to 54 days for each year of imprisonment served. Credit for good behavior does not apply to a sentence of one year or less.

15.    I know that if I am sentenced to prison, the judge will impose a term of supervised release to follow the prison sentence. During my supervised release term I will be supervised by a probation officer according to terms and conditions set by the judge. In my case, the term of supervised release can be three years. If I violate the conditions of supervised release, I may be sent back to prison.

16.    On any fine or restitution in an amount of $2,500 or more, I know that I will be required to pay interest unless that fine or restitution is paid within fifteen (15) days from the date of the entry of judgment.

17.    If I am on probation, parole, or supervised release in any other state or federal case, I know that by pleading guilty in this court my probation, parole or supervised release may be revoked and I may be required to serve time in that case, which may be consecutive, that is, in addition to any sentence imposed on me in this court.

18.    If I have another case pending in any state or federal court, I know that my Petition and Plea Agreement in this case do not, in the absence of an express and written agreement, apply to my other case(s), and that I can be faced with consecutive sentences of imprisonment.

19.    My plea of "GUILTY" is based on a Plea Agreement that I have made with the prosecutor. That Plea Agreement is attached hereto and incorporated herein. I have read or had read to me the Plea Agreement, and I understand the Plea Agreement.

20.    The Plea Agreement contains the only agreement between the United States government and me. No officer or agent of any branch of government (federal, state or local) or anyone else has promised or suggested that I will receive a lesser term of imprisonment, or

**Page 5 - PETITION TO ENTER PLEA OF GUILTY**

probation, or any other form of leniency if I plead "GUILTY" except as stated in the Plea Agreement. I understand that I cannot rely on any promise or suggestion made to me by a government agent or officer which is not stated in writing in the Plea Agreement, or which is not presented to the judge in my presence in open court at the time of the entry of my plea of guilty.

21.    My plea of "GUILTY" is not the result of force, threat, or intimidation.

22.    I hereby request that the judge accept my plea of "GUILTY" to the following counts: Count One of the Information.

23.    I know that the judge must be satisfied that a crime occurred and that I committed that crime before my plea of "GUILTY" can be accepted. With respect to the charge to which I am pleading guilty, I represent that I did the following acts and that the following facts are true:

> On or about January 28, 2017, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, specifically: on or about January 8, 2016, in Clackamas County Circuit Court, Case Number CR 15-01721, Possession of a Stolen Vehicle; I went shooting in Estacada, Oregon, with several co-workers, all of whom were ~~licensed~~ gun owners. During this excursion, I knowingly and unlawfully handled, discharged, and possessed (i.e., had within my dominion and control) the following firearms which belonged to my co-workers:

*[handwritten margin note: "lawful" OB in open court 12/15/17]*

> 1    An IWI 9x19mm Uzi Pro Pistol, serial number U0002838;
> 2    An SAR 3 556x45mm assault rifle, serial number S3-09331-2002;
> and
> 3    A Mossberg 500 12 gauge shotgun, serial number U386057,
> which had been shipped or transported in interstate or foreign commerce. I have not had access to, handled, or otherwise possessed any other firearm since my conviction in 2016. I regret and accept responsibility for my conduct.

24.    I offer my plea of "GUILTY" freely and voluntarily and of my own accord and with a full understanding of the allegations set forth in the Information, and with a full understanding of the statements set forth in this Petition and in the Certificate of my attorney that is attached to this Petition.

Page 6 - PETITION TO ENTER PLEA OF GUILTY

SIGNED by me in the presence of my attorney, after reading (or having had read to me)

all of the foregoing pages and paragraphs of this Petition on this 15 day of December, 2017.

_____
Christopher Ryan Ponte
Defendant

## CERTIFICATE OF COUNSEL

The undersigned, as attorney for defendant, Christopher Ryan Ponte, hereby certifies:

1.      I have fully explained to the defendant the allegations contained in the Information in this case, any lesser-included offense(s), and the possible defenses which may apply in this case.

2.      I have personally examined the attached Petition To Enter Plea of Guilty And Order Entering Plea, explained all its provisions to the defendant, and discussed fully with the defendant all matters described and referred to in the Petition.

3.      I have explained to the defendant the maximum penalty and other consequences of entering a plea of guilty described in paragraphs (6)-(20) of the Petition, and I have also explained to the defendant the applicable Federal Sentencing Guidelines.

4.      I recommend that the Court accept the defendant's plea of "GUILTY."

SIGNED by me in the presence of the above-named defendant, and after full discussion with the defendant of the contents of the Petition To Enter Plea of Guilty, and any Plea Agreement, on this _15_ day of December, 2017.

_____
Susan F. Wilk
Attorney for Defendant

## ORDER ENTERING PLEA

I find that the defendant's plea of "GUILTY" has been made freely and voluntarily and not out of ignorance, fear, inadvertence, or coercion. I further find the defendant has admitted facts that prove each of the necessary elements of the crime to which the defendant has pled guilty.

IT IS THEREFORE ORDERED that the defendant's plea of "GUILTY" be accepted and entered as requested in this Petition and as recommended in the Certificate of defendant's attorney.

DATED this ___15th___ day of December, 2017, in open court.

The Honorable Anna J. Brown
Senior Judge, U.S. District Court