**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
www.usdoj.gov/usao/or

Thomas Ratcliffe
Assistant U.S. Attorney
Thomas.Ratcliffe@usdoj.gov
(503) 727-1069
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Billy J. Williams, United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

December 3, 2017

Susan Wilk
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, Oregon 97204

    Re: **United States v. Christopher Ryan Ponte –**
       **Case No. 3:17-MJ-185**
       Superseding Plea Agreement Letter

Dear Ms. Wilk:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to plead guilty to Count 1 of the Information, which charges him with being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1).

3. **Penalties**: The penalties are: up to 10 years of imprisonment, a fine of up to $250,000, three (3) years of supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

4. **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant: specifically, the 922(g)(1) charge in the criminal complaint filed in this matter on November 15, 2017. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this firearms investigation and known to the USAO at the time of this agreement.

5. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

6.     **Relevant Conduct**: The parties agree that defendant's relevant conduct, pursuant to U.S.S.G. § 2K2.1(a)(6) and prior to adjustments, is a Base Offense Level of 14 because he was a prohibited person at the time of his offense.

7.     **Firearms Enhancement**: The parties recommend a two-level upward adjustment for defendant's possession of between three and seven firearms pursuant to U.S.S.G. § 2K2.1(b)(1)(A).

8.     **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

9.     **Section 3553 Reduction:** For early resolution of this case before the deadline for an indictment and without pre-trial litigation, the parties agree to an additional two-level reduction under the advisory guidelines, under 18 U.S.C. § 3553(a).

In order to receive this benefit, defendant must: (a) physically or electronically deliver a signed copy of this letter to the undersigned Assistant United States Attorney by **Thursday, December 7, 2017 at 4:00 p.m.**; (b) sign and electronically file with the Court before **4:00 p.m. on Friday, December 8, 2017**, a written Waiver of Indictment expressly agreeing to proceed on the basis of an Information charging him with being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1); and (c) successfully complete a change-of-plea hearing under this agreement before the close of business on **Friday, December 22, 2017.**

10.    **Joint Guidelines Calculations**: In light of the nature and circumstances of this case, the defendant's relevant conduct, and the sentencing factors to be considered under § 3553(a), the parties jointly agree to the following guideline calculations, with an anticipated Criminal History Category of III.

| | |
|---|---|
| Base Offense Level, under U.S.S.G. § 2K2.1(a)(6): | 14 |
| Enhancement for 3-7 firearms, under U.S.S.G. § 2K2.1(b)(1)(A): | +2 |
| Acceptance of responsibility, under U.S.S.G. § 3E1.1: | - 3 |
| Section 3553 reduction for resolution before indictment: | - 2 |
| Total offense level: | = 11 |

11.    **Joint Sentencing Recommendation:** The parties agree to jointly recommend a sentence of 12 months and one (1) day of imprisonment, followed by a three-year term of supervised release. This recommendation is equivalent to a sentence at the low end of the applicable guideline range, as calculated in paragraph 10, above.

Susan Wilk
Re: Christopher R. Ponte Plea Letter
December 3, 2017
Page 3

12. **Additional Departures, Adjustments, or Variances:**

    The parties agree not to seek any departures, adjustments, or variances, except as specified above.

13. **Binding Plea Agreement:** This plea agreement is entered into pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Accordingly, the Court must follow the joint sentencing recommendation of the parties, or allow defendant to withdraw his guilty plea and allow the government to rescind its promises under this agreement.

14. **Waiver of Appeal/Post-Conviction Relief:** Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that the sentence imposed exceeds the joint recommendation set forth above, and the Court did not allow defendant to withdraw his plea. Should defendant seek an appeal despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

15. **Full Disclosure/Reservation of Rights:** The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

16. **Breach of Plea Agreement:** If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

17. **Memorialization of Agreement:** No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

///

///

///

///

///

///

Susan Wilk
Re: Christopher R. Ponte Plea Letter
December 3, 2017
Page 4

18. **Deadline**: This plea offer expires if not accepted by **Thursday, December 7, 2017 at 4:00 p.m.** Acceptance means electronically transmitting a signed copy of this letter to the undersigned Assistant United States Attorney.

Sincerely,

BILLY J. WILLIAMS
United States Attorney

Thomas Ratcliffe
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

12/05/17
Date

Christopher R. Ponte, Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

12/5/17
Date

Susan Wilk,
Attorney for Defendant