**Susan F. Wilk**
**Assistant Federal Public Defender**
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204
(503) 326-2123 Telephone
(503) 326-5524 Facsimile
Susan_wilk@fd.org

**Attorney for Defendant**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER RYAN PONTE,<br><br>Defendant. | Case No. 3:17-cr-00442-BR-1<br><br>**SENTENCING MEMORANDUM** |

Christopher Ryan Ponte will appear for sentencing on one count of being a Felon in Possession of a Firearm, contrary to 18 U.S.C. § 922(g). He entered a Rule 11(c)(1)(C) guilty plea which contemplates a two-level reduction of the offense level for early resolution and an agreement to recommend a sentence of 12 months plus one day of confinement, to be followed by three years of supervised release. Under Rule 11(c)(1)(C), the Court must impose the recommended sentence or allow Mr. Ponte to withdraw his guilty plea.

Mr. Ponte's adjusted sentencing range falls within Zone C of the federal sentencing guidelines, thus the advisory guidelines range contemplates imposition of a sentence of imprisonment for at least half of the minimum term, with the remaining term to be served on supervised release with a condition of community confinement or home detention. Mr. Ponte

Page 1   SENTENCING MEMORANDUM

respectfully requests the Court exercise its discretion to impose a split sentence, with half of the term to be served in the Bureau of Prisons, and the remaining six months on home detention.

*Guidelines Calculation*

The Court's initial task in a federal sentencing proceeding is to calculate the applicable guidelines' range. *Peugh v. United States*, 569 U.S. 530, 541 (2013). Then the Court considers the factors contained in 18 U.S.C. §3553(a) to determine the sentence that is "sufficient, but not greater than necessary" to fulfill the purposes of federal sentencing.[1] Although the sentencing guidelines are the "starting point" and "initial benchmark," a district court may not presume a guidelines sentence is reasonable. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). Nor should the guidelines be given more weight than any other § 3553(a) factor. *Id.* Instead they are one factor to be taken into account in arriving at an appropriate sentence. *Id.* (citing *Kimbrough v. United States*, 552 U.S. 85 (2007) and *Gall v. United States*, 551 U.S. 87 (2007)).

---

[1] 18 U.S.C. § 3553(a) obligates a sentencing court to consider:
**(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
**(2)** the need for the sentence imposed--
**(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
**(B)** to afford adequate deterrence to criminal conduct;
**(C)** to protect the public from further crimes of the defendant; and
**(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
**(3)** the kinds of sentences available;
**(4)** the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[;]
**(5)** any pertinent policy statement issued by the Sentencing Commission … that is in effect on the day that the defendant is sentenced;
**(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
**(7)** the need to provide restitution to any victims of the offense.

Pursuant to the plea agreement, the parties have agreed to the following U.S. Sentencing Guidelines calculation:

| | |
|---|---|
| Base offense level: | 14 |
| Possession of 3-7 firearms: | +2 |
| Acceptance of responsibility: | -2 |
| Government's motion: | -1 |
| Early resolution variance: | -2 |
| Adjusted offense level: | 11 |

The parties also agree that Mr. Ponte's criminal history category is III. An adjusted offense level of 11, based upon the recommended early resolution variance, and criminal history category of III produce an advisory guidelines range of 12-18 months' imprisonment. This range falls within Zone C of the federal sentencing table. Mr. Ponte seeks a split sentence of six months' confinement and six months' home detention.

In 2010, the Sentencing Commission expanded Zone C of the federal sentencing table to allow for increased eligibility for alternative sentences. United States Sentencing Commission, *Alternative Sentencing in the Federal Criminal Justice System* 3 (May 2015) (hereinafter *Alternative Sentencing*).[2] This expansion reflects the Sentencing Commission's recognition of the social cost of over-incarceration and the fact that imprisonment is not a one-size-fits-all punishment and is not appropriate in every case.

---

[2] Available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-projects-and-surveys/alternatives/20150617_Alternatives.pdf (last visited March 25, 2018).

Page 3   SENTENCING MEMORANDUM

Notwithstanding the increased availability of alternative sentences, a recent study by the Sentencing Commission shows that district court judges sentence most offenders to imprisonment. *Id*. In fact, district court judges have imposed fewer split sentences overall since the guidelines became advisory. In 2005, split sentences accounted for 33.7 percent of offenders with sentencing ranges in Zone C, but in 2014, that number decreased substantially to 19.0 percent. *Id*. at 9.[3] This decrease mirrors a trend of decreasing rates of alternative sentences altogether. *Id*. at 14-15.

The Sentencing Commission notes that, since the Supreme Court's decisions in *United States v. Booker*, 543 U.S. 220 (2005), and *Gall*, the rate of departures and variances from the advisory guidelines range has increased, "but the increased use of that discretion [to sentence within Zone C] has not resulted in the imposition of alternative sentences as one might expect." *Alternative Sentencing* at 21. The American Bar Association, however, thinks it "critical" that district judges have "the flexibility to consider alternatives to incarceration when imposing individualized sentences that are 'sufficient, but not greater than necessary' to satisfy the statutory purposes of sentencing." *Testimony of James E. Felman on behalf of the American Bar Association for the Hearing on Proposed Amendments to the Federal Sentencing Guidelines Regarding Alternatives to Incarceration* at 3 (March 17, 2010).[4]

Here, the § 3553(a) factors weigh in favor of imposing a split sentence for several reasons. First, Mr. Ponte's sole prior felony conviction, Unlawful Use of a Motor Vehicle, is a Class C

---

[3] This figure excludes from consideration offenders facing mandatory minimum sentences and non-citizen offenders.

[4] Available at https://www.americanbar.org/content/dam/aba/migrated/poladv/letters/crimlaw/2010mar12_ussc_t.authcheckdam.pdf, last visited March 25, 2018. Speaking on behalf of the American Bar Association, Mr. Felman contended that the 2010 amendments did not go far enough to enable district court judges to impose individualized alternative sentences where warranted by an offender's history and characteristics or the other factors contained in 18 U.S.C. § 3553(a).

Page 4   SENTENCING MEMORANDUM

felony under Oregon law. Or. Rev. Stat. § 164.135(2). It is a property offense, not a crime against a person or a violent offense. As is elaborated at greater length in a confidential submission to the Court, the crime was committed at a difficult time in Mr. Ponte's life. Taking into account the circumstances of the offense's commission, the owner of the vehicle has fully forgiven Mr. Ponte for the crime.

Second, the facts of the instant offense establish that the crime was an isolated occurrence, committed without true scienter, and is not indicative of a likelihood of recidivism. Mr. Ponte went target shooting with lawful gun owners who were friends from work. He did not unlawfully acquire any firearm, nor did he use a gun in connection with other criminal activity. He fleetingly handled and fired three weapons belonging to other people. He then posted photographs of himself holding the weapons on his Facebook page with the comment, "For the record those were not my guns." The Facebook post led to the crime's detection by law enforcement, but it also suggests that, like many laypeople, Mr. Ponte misunderstood "possession" to mean actual custody, rather than encompassing momentary dominion and control. He took early responsibility, stating in his plea petition that he regretted his conduct. Dkt. 15, p. 23.

Third, Mr. Ponte was otherwise a law-abiding citizen when he committed the offense. He did not abuse illegal drugs or engage in criminal activity. He was employed full-time at Bob's Red Mill, a job he loved, with health care benefits and a 401K. He was arrested for this offense at work, which caused him to be placed on indefinite administrative leave. In all likelihood, he will not regain his job.

Fourth, since Mr. Ponte was released on this matter at his initial appearance, he has perfectly complied with his conditions of pretrial release.

Fifth, he has never been to prison or even spent any significant time in jail.

None of the § 3553(a) factors relating to imprisonment—the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter others from criminal conduct, and protect the public—weigh in favor of requiring Mr. Ponte to serve the full twelve-month-plus-one-day agreed sentence in BOP custody. A sentence of six months' confinement, to be followed by six months' home detention, will amply punish Mr. Ponte for his conduct, and is the sentence that is sufficient, but not greater than necessary, to fulfill the purposes of federal sentencing. This Court should exercise the discretion afforded by the Sentencing Commission's expansion of Zone C sentences and impose the split sentence requested by the defense.

RESPECTFULLY submitted this 28th day of March, 2018.

*/s/ Susan F. Wilk*
Susan F. Wilk
Assistant Federal Public Defender