**BILLY J. WILLIAMS, OSB #901366**
United States Attorney
District of Oregon
**THOMAS S. RATCLIFFE, ILSB #6243708**
Assistant United States Attorney
Thomas.Ratcliffe@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, OR 97204-2902
Telephone: (503)727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:17-CR-00442-HZ |
| v. | GOVERNMENT'S SENTENCING MEMORANDUM |
| CHRISTOPHER RYAN PONTE, | Sentencing: Apr. 23, 2018 at 10:00 a.m. |

The United States of America, by and through Billy J. Williams, United States Attorney for the District of Oregon, and Thomas S. Ratcliffe, Assistant United States Attorney, respectfully submits the following memorandum in support of the Government's request for a sentence of 12 months and one day of imprisonment, followed by a three-year term of supervised release.

**I.    PLEA AND PLEA AGREEMENT**

On December 15, 2017, the defendant pled guilty to Count 1 of the Information, charging him with being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1).

///

A.    **Offense Level Agreement**

The parties agree that the defendant's base offense level pursuant U.S.S.G. § 2K2.1 is 14 because he was a prohibited person at the time he possessed the firearms at issue in this case. PSR ¶ 26. The parties further agree that the defendant's offense level should be increased by two levels pursuant to U.S.S.G. § 2K2.1(b)(1)(A) because his offense involved between three and seven firearms. PSR ¶ 27. That puts his offense level at 16, before adjustments.

B.    **Chapter Three - Adjustments**

1.    **Acceptance of Responsibility**

The parties agree that the defendant has met the requirements for application of a three-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. PSR ¶¶ 33-34. This brings his offense level down to 13. PSR ¶ 35.

C.    **Chapter Four - Criminal History**

The defendant has three prior convictions that count toward his criminal history score, as indicated in the Presentence Report. PSR ¶¶ 38-40. He was also on supervision at the time of his offense in this case. PSR ¶ 42. As a result, the defendant is in Criminal History Category III. PSR ¶ 43.

D.    **Other Adjustments**

Paragraph 9 of the plea agreement offered the defendant a two-level reduction if he accepted the government's plea offer before the government's deadline to indict following his arrest on the criminal complaint. The parties agree that the defendant earned this two-level reduction by timely accepting the plea offer. This brings his total offense level down to 11, which would result in an adjusted guideline range of 12 to 18 months of imprisonment. PSR ¶ 85.

### E. Forfeiture

The government is not seeking forfeiture in this case.

## II. FACTUAL BACKGROUND

The PSR correctly recounts the offense conduct. PSR ¶¶ 13-21. The defendant knew he was not allowed to possess – let alone use – any firearms, as indicated by his decision to lie to officers after his arrest. When speaking with officers, he claimed that he had not possessed or held any firearms since being convicted of Possession of a Stolen Motor Vehicle. PSR ¶ 20. In fact, he had actually *fired* three guns after becoming a prohibited possessor of firearms.

The defendant's conduct does not amount to the crime of the century, the decade, or even the year. However, his use of three different firearms while shooting with colleagues on U.S. Forest Service land after sustaining a felony conviction merits punishment.

Still, the government agrees with defense counsel that defendant has been successful while on Pretrial Supervision. He is clearly a bright person who has overcome substance abuse issues through hard work.

## III. CONCLUSION AND RECOMMENDATION

Based on the reasons set forth above, and the plea agreement entered into between the parties, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the government asks the Court either to reject the binding plea agreement, or impose a sentence of 12 months and one day of imprisonment on Count 1 of the Information. The government further recommends that the Court impose a three-year period of supervised release and a $100 special assessment.

The government submits that under the facts of this case, a sentence of 12 months and one day of imprisonment, is sufficient, will promote respect for the law, and provide just punishment for this defendant as a result of his offense. Such a sentence would recognize the

defendant's role in this offense, provide adequate deterrence to criminal conduct, protect the public, and provide the defendant with an opportunity for educational or vocational training, medical care, or other correctional treatment. A sentence of 12 months and one day of imprisonment, coupled with a three-year term of supervised release, and a $100 special assessment, satisfies the requirement of 18 U.S.C. § 3553(a) as a "sentence sufficient, but not greater than necessary" to meet the purposes of § 3553(a)(2).

Dated this 18th day of April 2018.

Respectfully submitted,

BILLY J. WILLIAMS, OSB #901366
United States Attorney

*/s/ Thomas S. Ratcliffe*
THOMAS S. RATCLIFFE, ILSB #6243708
Assistant United States Attorney